IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO GUITERREZ-VALENCIA, )<br>　　　　　　　　　　　　　　　　　)<br>　　　　　　Petitioner, 　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>　　v. 　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>UNITED STATES OF AMERICA, 　　)<br>　　　　　　　　　　　　　　　　　)<br>　　　　　　Respondent. 　　　　　)<br>_____) | CV F 06-0569 AWI<br>(CR F 02-5390 AWI)<br><br>**ORDER DENYING PETITIONER'S APPLICATION FOR CERTIFICATE OF APPEALABILITY AND GRANTING MOTION TO PROCEED IFP**<br><br>**Doc. #'s 329 and 330** |

On September 24, 2007, the Court entered an order denying Antonio Guiterrez-Valencia's ("Petitioner's") application for a writ of habeas corpus pursuant to 42 U.S.C. § 2255 that challenged Petitioner's conviction on the ground of ineffective assistance of counsel. On November 13, 2007, Petitioner filed a notice of appeal of the district court's order. A request for certificate of appealability was filed on the same date.

The controlling statute, 28 U.S.C. § 2253, provides as follows:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

>(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>>(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>>
>>(B) the final order in a proceeding under section 2255.
>
>(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

The Supreme Court has found that the Court should issue a certificate of appealability when the petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  <u>Slack v. McDaniel</u>, 120 S.Ct. 1595, 1603 (2000). The requirement that the petitioner seek a certificate of appealability is a gatekeeping mechanism that protects the Court of Appeals from having to devote resources to frivolous issues while at the same time affording petitioners an opportunity to persuade the Court that through full briefing and argument the potential merit of claims may appear.  <u>Lambright v. Stewart</u>, Nos. 96-99020, 96-99025, 96-99026, 2000 WL 1118937 (9th Cir. Aug. 4, 2000).  The Supreme Court has found that the even the application of an apparently controlling Ninth Circuit rule can be debatable if it conflicts with the rules of another circuit or there is reasonable argument of why the Ninth Circuit should  reconsider the Ninth circuit rule.  See <u>id</u>.

In the present case, Petitioner moved to vacate his sentence pursuant to 42 U.S.C., section 2255 based on the allegation Petitioner suffered ineffective assistance of counsel because Petitioner was not adequately informed to his right to a jury determination of the number of marijuana plants involved in his case.  The court denied Petitioner's application for writ of habeas corpus because Petitioner failed to demonstrate that he was not adequately informed and because Petitioner failed to provide any evidence of a plausible reason to belief that Petitioner would have foregone the benefits of the negotiated plea agreement in order to have a jury

determination of the number of marijuana plants if he had been specifically informed of that right.

The court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  Reasonable jurists would not debate that petitioner has not shown how he is entitled to federal habeas corpus relief.  Accordingly, the Court hereby ORDERS that petitioner's request for a certificate of appealability is DENIED.

The court notes that Petitioner has also moved to proceed *in forma pauperis*, and has attached an affidavit in support thereof.  Good cause appearing, the court hereby GRANTS Petitioner's motion to proceed *in forma pauperis* to the extent further appellate review may be made available to Petitioner by the Ninth Circuit Court of Appeal.

IT IS SO ORDERED.

**Dated:     November 19, 2007**                    /s/ Anthony W. Ishii
                                                 UNITED STATES DISTRICT JUDGE